**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles F. Burton, Appellant,

v.

Lexington County Solicitor, Respondent.

Appellate Case No. 2019-001252

───────────

Appeal From Lexington County
R. Lawton McIntosh, Circuit Court Judge

───────────

Unpublished Opinion No. 2022-UP-012
Submitted November 1, 2021 – Filed January 12, 2022

───────────

**AFFIRMED**

───────────

Charles Thomas Brooks, III, of The Law Office of
Charles T. Brooks, III, of Sumter, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Harley Littleton Kirkland, both of
Columbia, for Respondent.

───────────

**PER CURIAM:** Charles F. Burton appeals the circuit court's grant of summary judgment in favor of the Lexington County Solicitor in Burton's action for an expungement. On appeal, Burton argues the circuit court erred in finding no genuine issues of material fact existed. We find this argument is unpreserved for

appellate review because Burton conceded at the summary judgment hearing that no facts were in dispute. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.